NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DESHENG LIU,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   16-72283

Agency No. A099-731-203

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 14, 2019
Pasadena, California

Before: GRABER and BERZON, Circuit Judges, and DONATO,** District Judge.

Desheng Liu, a native and citizen of China, petitions for review of a decision by the Board of Immigration Appeals (BIA). The BIA dismissed Liu's appeal from an immigration judge's (IJ's) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

(CAT). We grant the petition in part and remand to the BIA for further proceedings.

1.	The BIA relied on the IJ's finding that Liu's claim of persecution and torture on account of his possession of written materials criticizing the Chinese Communist Party was not credible. The adverse credibility determination was not supported by substantial evidence.

First, it was improper for the BIA to rely on minor omissions of details from Liu's asylum statement because the basic facts of his story—that he was found with forbidden materials, arrested, beaten by the police, and subsequently dismissed from his job—were adequately laid out in the statement. *See Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014). Additionally, the IJ's determination that Liu's statement did not mention that his colleagues were also arrested was clear error, as the statement did mention that colleagues were arrested, although it did not name them. *See Mutuku v. Holder*, 600 F.3d 1210, 1213 (9th Cir. 2010).

Second, substantial evidence does not support the BIA's reliance on supposed inconsistencies between Liu's testimony and the documentary evidence he provided. That the hospital diagnosis certificate omitted some of the details Liu testified about does not make the certificate inconsistent with Liu's testimony. *See Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir. 2002). Moreover, Liu was not asked on cross-examination why the certificate did not mention the CT scan. An

inconsistency or omission cannot support an adverse credibility determination if the petitioner is not asked to explain it. *See Perez-Arceo v. Lynch*, 821 F.3d 1178, 1184 (9th Cir. 2016). Additionally, the fact that Liu's household register, dated 2007, still listed a hotel in China as his employer does not contradict Liu's story that he was fired from the hotel in 2005. Liu has been in the United States since February 2006, so the register's employment entry was obviously out of date, and Liu provided an adequate explanation for why that was so.

Third, the BIA's reliance on Liu's ability to leave China, despite testifying that the police had told him he could not leave the city of Yantai and should stay at home, is insufficient to support the adverse credibility finding. As for the supposed inconsistency in Liu's story, Liu did not testify that he was under constant surveillance, and he was not asked how he traveled from his home to the airport. *See Perez-Arceo*, 821 F.3d at 1184. As for the country report, the "IJ may use a country report as supplemental evidence to discredit a generalized statement made by the petitioner but not to discredit specific testimony regarding his individual experience." *Zheng v. Ashcroft*, 397 F.3d 1139, 1143 (9th Cir. 2005) (internal quotation marks omitted).

Finally, substantial evidence does not support the IJ's concerns about the authenticity of some of the documents that Liu provided because those concerns were based on the IJ's "bare personal view," not on "evidence in the record." *Lin v.*

3

*Gonzales*, 434 F.3d 1158, 1163 (9th Cir. 2006). Additionally, the IJ erred in concluding it was implausible that Liu was afraid to ask his wife to send him documentation of other hospital visits because Liu never testified to that effect. Instead, he said he did not want to ask his wife to write him a letter confirming the sentence received by his colleague because he was concerned that such a letter could be intercepted and could implicate his wife in harboring a criminal.

In sum, the adverse credibility determination was not supported by substantial evidence.[1] We therefore remand Liu's asylum and CAT claims to the BIA for further proceedings consistent with this opinion.

2. We lack jurisdiction over Liu's claim for withholding of removal because he did not raise that claim in his appeal to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**Petition GRANTED in part, DISMISSED in part, and REMANDED.**

---

[1] "[W]e do not review those parts of the IJ's adverse credibility finding that the BIA did not identify as 'most significant' and did not otherwise mention." *Lai*, 773 F.3d at 970.

Liu v. Barr, No. 16-72283

GRABER, Circuit Judge, concurring in part and dissenting in part:

I concur in Part 2 of the disposition, concerning withholding of removal, but respectfully dissent from Part 1, concerning the adverse credibility finding. I would deny the petition insofar as it is not dismissed.

If even one of the identified grounds underlying the adverse credibility finding is supported by substantial evidence, we must accept that finding. 8 U.S.C. § 1252(b)(4)(B); Kin v. Holder, 595 F.3d 1050, 1055 (9th Cir. 2010). Here are several inconsistencies that, in my view, support the adverse credibility finding.

Petitioner claimed that he was fired from his position as a chef at a hotel in 2005, which was inconsistent with the household register. Moreover, Petitioner still possesses his hotel work badge. The agency was not required to believe Petitioner's explanation for the discrepancies. Finding that the household register is "obviously out of date" is a conclusion that requires believing Petitioner's explanation, which the agency was not required to do.

Petitioner testified that he did not disclose that he was hit with an ashtray because he "thought" that the diagnosis certificate would "show that." But he also testified that the police forced him to lie to the doctor and say that he hurt himself in a fall. If that were true, and he told the doctor that he was injured in a fall,

Petitioner could not have thought that the certificate would show that he was hit with an ashtray. Again, the agency did not have to believe Petitioner's explanation. And the omission in the certificate of a CAT scan is not, in my view, a trivial omission.

Petitioner testified that he was not allowed to leave his home area and was living under police restrictions. The IJ and BIA permissibly concluded that Petitioner's accounts of his travel within China, and from China, were inconsistent with the stated restrictions. Petitioner gave an explanation (the local police did not notify all the authorities), but the agency was not required to accept it. Petitioner's freedom to travel, inside and outside of China, conflicts with his testimony that he was charged with a very serious political crime and charged a high bail because the police thought that he was a flight risk.

Petitioner testified that he was afraid to have his wife send him a letter confirming the sentence received by his colleague because he was concerned that such a letter could be intercepted and could implicate his wife in harboring a criminal. The agency was not required to accept that explanation, particularly in light of the fact that Petitioner's wife had previously sent several documents to Petitioner in the United States. Presumably, interception of those documents could have given rise to the implication that Petitioner's wife was harboring a criminal.

2

For those reasons, I would deny the petition in part and dismiss it in part.